UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL ANTHONY JACKSON,

                Petitioner,

     v.

PATRICK H. OISHI,

                Respondent.

Case No. C14-1995-RSM-MAT

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Michael Jackson has filed a petition for federal habeas relief under 28 U.S.C. § 2254 seeking to challenge a 1994 judgment and sentence of the King County Superior Court. The petition has not been served on respondent. Following a careful review of the petition, and the balance of the record, this Court concludes that petitioner's federal habeas petition and this action should be dismissed with prejudice for lack of jurisdiction.

DISCUSSION

Petitioner presented his federal habeas petition to the Court for filing in December 2014. (*See* Dkt. 1.) At that time, petitioner was confined at Western State Hospital where he was apparently undergoing competency restoration in another pending King County Superior Court

REPORT AND RECOMMENDATION
PAGE - 1

action, *State v. Jackson*, King County Superior Court Cause No. 14-1-02881-7SEA. Petitioner indicated in his petition that he was seeking to challenge a 1994 judgment and sentence of the King County Superior Court for which a 300 month sentence had been imposed. (*See* Dkt. 9.) He also indicated, however, that the judgment at issue had been vacated by the Washington Supreme Court in 1999. (*Id.*) Based on the information provided in the petition, this Court determined that it likely lacked jurisdiction to consider petitioner's claims because petitioner did not appear to be in custody pursuant to the conviction he was seeking to challenge.

Accordingly, on January 21, 2015, this Court issued an Order declining to serve petitioner's petition and granting him leave to amend. (Dkt. 7.) Petitioner was advised therein that his federal habeas petition was defective because he had not demonstrated that he was "in custody" for purposes of the conviction he was seeking to challenge. (*Id.*) Petitioner was further advised that, assuming he could demonstrate he was "in custody" for purposes of the challenged conviction, he would also need to demonstrate that his petition was timely. (*Id.*) Petitioner was granted leave to file an amended petition correcting the noted deficiencies and was advised that his petition would be subject to dismissal if he failed to correct the deficiencies within 30 days. (*Id.*)

To date, petitioner has filed no amended petition. Because petitioner has not demonstrated that he is "in custody" under the conviction he seeks to challenge, petitioner's federal habeas petition and this action must be dismissed for lack of jurisdiction. *See Maleng v. Cook*, 490 U.S. 488, 490-491 (1989). *See also*, *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).

## CONCLUSION

For the foregoing reasons, this Court recommends that petitioner's federal habeas petition and this action be dismissed with prejudice. A petitioner seeking post-conviction relief under

§ 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge.  A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(3).  A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Under the above standard, this Court concludes that petitioner is not entitled to a certificate of appealability in this matter.  This Court therefore recommends that a certificate of appealability be denied.  A proposed order accompanies this Report and Recommendation.

DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **April 3, 2015**.

DATED this 12th day of March, 2015.

_____
Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 3